IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NALLO RIOS,                                                                                               CV. 05-323-JE

        Plaintiff,                ORDER TO DISMISS

   v.

OREGON DEPARTMENT OF
CORRECTIONS and STAN CZERNIAK,

        Defendants.

BROWN, District Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this case under the Americans with Disabilities Act ("ADA"). Pursuant to an order entered by the court, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, the majority of plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## **BACKGROUND**

    Plaintiff claims that he is a disabled inmate, and alleges that the Snake River Correctional Institution ("SRCI") is not

1 - ORDER TO DISMISS

properly equipped to house disabled inmates. Specifically, he alleges that the SRCI lacks handrails or other handholds in its bathrooms, and does not have adequate wheelchair access. As a result, plaintiff asserts that he must crawl inside his cell block in order to use the bathroom.

Plaintiff also alleges that he is not receiving any medical treatment for his bed sores and bone infections. He asks the court to place him in "a better living environment away from a prison setting. He would like a hospital setting where he can receive treatment." Complaint (#1), p. 10.

Finally, plaintiff claims that his attorney failed to properly represent him at trial, leading to his current, and allegedly wrongful, incarceration. Plaintiff asks the court to award him the sum of $1,600,000.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B) the action . . .

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

2 - ORDER TO DISMISS

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.

Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

As an initial matter, plaintiff, the only signatory to the Complaint, purports to bring this case as a class action. Although a non-attorney may appear on his own behalf, that privilege is personal to him. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); Storseth v. Spellman, 654 F.2d 1349, 1355 (9th Cir. 1981). A non-attorney has no authority to appear as an attorney for others than himself. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). Accordingly, this case may not proceed as a class action.

Plaintiff appears to base all of his claims in his Complaint on the Americans with Disabilities Act ("ADA"). However, many of his grounds for relief do not properly fall within the ADA because they challenge the conditions of his confinement, not his exclusion from a program or activity based on his disability. For example, plaintiff alleges that unnamed defendants have denied him adequate access to medical care for his bed sores and bone infections. These claims do not contain allegations which would support an ADA claim.

Even if plaintiff were to allege a proper legal basis for his challenge to the conditions to his confinement (such as 42 U.S.C. § 1983), he fails to allege that he was deprived of a federal

4 - ORDER TO DISMISS

statutory or constitutional right.  See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Moreover, plaintiff does not identify any defendant who may have personally participated in such a deprivation.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Accordingly, plaintiff's claims challenging the conditions of his confinement are dismissed for failure to state a claim.

Plaintiff also alleges that he is wrongfully imprisoned as the result of ineffective assistance of counsel during his criminal trial.  Such a claim for damages challenges the legality of his conviction and, therefore, is barred absent a showing that the conviction has been set aside.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages for harm caused by actions whose unlawfulness would render a conviction invalid, plaintiff must prove that the conviction has been reversed or otherwise invalidated).  Plaintiff's claims challenging the legality of his confinement are therefore dismissed, without prejudice to his right to raise those claims in the future should he successfully invalidate his conviction(s).

Based on the foregoing, the court finds plaintiff's Complaint states the following ADA claim: SRCI is not properly equipped to house him, as a disabled inmate, as required by the ADA.  The remainder of plaintiff's claims challenging the conditions of his confinement and the legality of his criminal conviction(s) are dismissed for failure to state a claim.

Should plaintiff wish to proceed with this action, he must either: (1) advise the court in writing that he wishes to proceed with this action solely on his ADA claim that the Snake River Correctional Institution's facilities violate the ADA because the facilities do not accommodate his disability; or (2) file an amended complaint curing the deficiencies in his conditions of confinement claims. Plaintiff's failure to respond to this order within 30 days will result in the dismissal of this proceeding.

**CONCLUSION**

Based on the foregoing, should plaintiff wish to proceed with this action, he must either: (1) advise the court in writing that he wishes to proceed with this action solely on his ADA claim that the Snake River Correctional Institution's facilities violate the ADA because the facilities do not accommodate his disability; or (2) file an amended complaint curing the deficiencies in his conditions of confinement claims. Plaintiff's failure to respond to this order within 30 days will result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this  27th  day of June, 2005.

                               /s/ Anna J. Brown
                                     Anna J. Brown
                                     United States District Judge